IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

GARRICK OATIS                                                                                    PLAINTIFF

v.                                                          CIVIL ACTION NO. 1:16-cv-00228-GHD-DAS

21st MORTGAGE                                                                                  DEFENDANT

## MEMORANDUM OPINION DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO STAY

Presently before the Court is Defendant 21st Mortgage ("Defendant")'s motion to stay proceedings [11] in the case *sub judice* pending the United States Court of Appeals for District of Columbia Circuit's decision in *ACA International v. Federal Communications Commission*, Case No. 15-1211 ("*ACA*"). Plaintiff Garrick Oatis ("Plaintiff") has filed a response in opposition, and Defendant has filed a reply. Upon due consideration, the Court finds that the motion should be denied without prejudice.

The Telephone Consumer Protection Act (the "TCPA") makes it unlawful to call a person's cellular telephone "using any automatic telephone dialing system **or** an artificial or prerecorded voice," unless the person has given prior consent or the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added). A person or entity who has received a prohibited telephone call may bring a private action to enjoin further violations and to recover "for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation . . . ." 47 U.S.C. § 227(b)(3). The TCPA also allows a plaintiff to recover treble damages where a defendant is found to have "willfully or knowingly" violated the TCPA. *Id.* On July 10, 2015, the Federal Communications Commission (the "FCC") issued an Omnibus Declaratory Ruling and Order addressing, *inter alia*, the definition of "automatic telephone

1

dialing system" under the TCPA. *In re Rules & Regs. Implementing the TCPA of 1991*, 30 F.C.C.R. 7961 (FCC July 10, 2015). On July 10, 2015, ACA International filed an appeal of the FCC's Order (*ACA*), requesting that the D.C. Circuit Court vacate the FCC's definition of "capacity" pertaining to automatic dialing telephone systems pursuant to that court's authority under the Hobbes Act, 28 U.S.C. §§ 2341 *et seq.*

In the case *sub judice*, Plaintiff asserts a TCPA claim that Defendant called Plaintiff's cellular phone "approximately eighty (80) times . . . in an attempt to collect a debt" despite that "Plaintiff does not currently have any account or business dealings with [Defendant]." Pl.'s Compl. [1] ¶¶ 11–12, 15. Plaintiff alleges that "some or all of the calls [Defendant] made to Plaintiff's cellular telephone number were made using an 'automatic telephone dialing system'. . . . **or** an artificial or prerecorded voice." *Id.* ¶¶ 12, 17, 22 (emphasis added). As a result, Plaintiff claims he has suffered "invasion of privacy and the intrusion upon his right of seclusion." *Id.* ¶ 26.

In the present motion to stay, Defendant requests that this Court stay the case *sub judice* pending the outcome of *ACA*, which it claims will directly impact Plaintiff's claims and will be binding on this Court, as *ACA* involves the scope and definition of an "automatic telephone dialing system" under the TCPA and the methods for revocation of consent under the TCPA. Defendant maintains that the benefits of a stay would outweigh the minimal burdens and that a stay would not pose any prejudice to Plaintiff. Finally, Defendant maintains that a decision in *ACA* would either resolve or significantly narrow the scope of this matter and that the early stage of the case *sub judice* weighs in favor of a stay.

Plaintiff opposes Defendant's motion to stay in a lengthy thirteen-page response, arguing, *inter alia*, that his claim that Defendant used a prerecorded voice to contact Plaintiff is an

2

independent violation of the TCPA that is not reliant on the use of an automatic telephone dialing system and therefore that *ACA* may have no bearing on the case *sub judice*. Plaintiff further argues that the FCC's July 10, 2015 Order "clarifying certain definitions and provisions of the [TCPA]" is "supported by previous FCC orders, years of legal precedent, and is entitled to significant deference." Pl.'s Resp. Opp'n to Def.'s Mot. Stay [18] at 1–2. Therefore, Plaintiff maintains that a stay pending the decision of *ACA* is unnecessary. Plaintiff also points out that a decision in *ACA* by the D.C. Circuit Court of Appeals will likely result in a petition for writ of *certiorari* to the United States Supreme Court which could result in further delay to the adjudication of the case *sub judice*.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55, 57 S. Ct. 163, 81 L. Ed. 153 (1936). "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket," and "[t]he proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997) (internal citation omitted); *see also Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983).

In weighing the competing interests of this case, the Court finds that Defendant has not met its burden of establishing the need for a stay at this early juncture of the litigation, particularly given that Defendant has not demonstrated to this Court that the issues in *ACA* relating to an automatic telephone dialing system will likely be dispositive of this case. Plaintiff has pled a claim that Defendant repeatedly called his cellular telephone using an "artificial or

3

prerecorded voice" independent of his claim that Defendant "us[ed] an 'automatic telephone dialing system.' " *See* Pl.'s Compl. [1] ¶ 12. Because this case is in its infancy, the Court finds that a stay on this basis would be premature. Furthermore, as a practical matter, the United States Court of Appeals for District of Columbia Circuit heard oral argument in *ACA* on October 19, 2016. *See ACA Int'l v. FCC, et al.*, United States Court of Appeals for District of Columbia Circuit, Court of Appeals Docket #: 15-1211. Therefore, a decision may be reached in that case without the need for a stay in this case.

ACCORDINGLY, Defendant's motion to stay proceedings [11] is not well taken at this juncture and is DENIED WITHOUT PREJUDICE.

An order in accordance shall be issued this day.

THIS, the 25th day of July, 2017.

_____
SENIOR U.S. DISTRICT JUDGE

4